IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANGELA INGRAM, on behalf of herself and all others similarly situated, § § § | |
| Plaintiff, § § | |
| V. § | CIVIL ACTION NO. _____ |
| § § | |
| LEEROY MCCURLEY, PAM MCCURLEY, MANUEL FETALSANA, RHODA SALVADOR, EDGAR SANTIAGO AND TEXAS VISITING DOCTORS MANAGEMENT, LLC § § § § | |
| Defendants. | |

## COMPLAINT

Plaintiff Angela Ingram ("Plaintiff"), on behalf of herself and all others similarly situated, files this Complaint against LeeRoy McCurley ("L McCurley"), Pam McCurley ("P McCurley"), Manuel Fetalsana ("Fetalsana"), Rhoda Salvador ("Salvador"), Edgar Santiago ("Santiago") and Texas Visiting Doctors Management, LLC, ("Texas Visiting Doctors") (collectively "Defendants") showing in support as follows:

## INTRODUCTION AND SUMMARY

1. This is a lawsuit to recover unpaid overtime wages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, on behalf of Plaintiff and other patient processing personnel employed by Defendants.

2. The Plaintiff was employed as patient processing employee for Defendants from approximately August 2010 to March 2011. She was paid an hourly wage, but was treated as exempt from the FLSA for purposes of overtime compensation by Defendants. Despite working more than 40 hours per workweek, Plaintiff was never paid overtime wages.

3. Since the formation of Texas Visiting Doctors in 2010, Defendants employed and continue to employ several employees with the same job duties as Plaintiff.

4. Plaintiff and similarly situated patient processing personnel worked on the production side of the business with the primary duty of scheduling diagnostic tests, scanning medical records, screening and directing incoming calls, pre-authorizing prescriptions and verifying eligibility and benefit information for customers, patients and vendors of Texas Visiting Doctors. Plaintiff's duties required her to be engaged in interstate commerce.

5. Plaintiff and similarly situated employees worked a schedule that involved working more than 40 hours per week every week.

6. Defendants failed to comply with the FLSA because, despite paying employees such as Plaintiff an hourly wage, they misclassified Plaintiff and similarly situated employees as exempt from the FLSA and did not pay those employees overtime wages for each hour worked over 40 for each and every such workweek.

7. Accordingly, Defendants did not pay Plaintiff and the putative collective action members one and one half times the regular rate of pay for hours worked over 40 in a workweek.

## THE PARTIES, JURISDICTION AND VENUE

8. Plaintiff Ingram is a former employee of Defendants and is a natural person who resides within the Northern District of Texas. She has standing to file this lawsuit. She worked for Defendants at a location within the Northern District of Texas from approximately August 2010 to March 2011.

9. The putative collective action members are all current and former patient processing personnel who are/were employed by Defendants since the formation of Texas Visiting Doctors in 2010 to the filing of this complaint. Like the named Plaintiff, these persons

were and are engaged in interstate commerce in performing their duties for Defendants. All of the putative collective action members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

10. Defendant LeeRoy McCurley is a natural person and is a manager at Texas Visiting Doctors and meets the definition of "employer" under the FLSA. Texas Visiting Doctors' internal documents identify L McCurley as a member of the "executive team" and as the "medical director" for Texas Visiting Doctors. He may be served with process at 3121 South Carrier Parkway, Grand Prairie, Texas 75052.

11. Defendant Pam McCurley is a natural person and is a manager at Texas Visiting Doctors and meets the definition of "employer" under the FLSA. Texas Visiting Doctors' internal documents identify P McCurley as a member of the "management team" for Texas Visiting Doctors. She may be served with process at 2601 Tandy Avenue, Suite 200, Fort Worth, Texas 76103.

12. Defendant Manuel Fetalsana is a natural person and is a manager at Texas Visiting Doctors and meets the definition of "employer" under the FLSA. Texas Visiting Doctors' internal documents identify Fetalsana as a member of the "management team" and as the point of contact for "payroll" at Texas Visiting Doctors. He may be served with process at 2601 Tandy Avenue, Suite 200, Fort Worth, Texas 76103.

13. Defendant Rhoda Salvador is a natural person and is a manager at Texas Visiting Doctors and meets the definition of "employer" under the FLSA. Texas Visiting Doctors' internal documents identify Salvador as a member of the "executive team" and as the "finance director" for Texas Visiting Doctors. She may be served with process at 2601 Tandy Avenue, Suite 200, Fort Worth, Texas 76103.

14. Defendant Edgar Santiago is a natural person and is a manager at Texas Visiting Doctors and meets the definition of "employer" under the FLSA. Texas Visiting Doctors' internal documents identify Santiago as a member of the "executive team" and as the "managing director" for Texas Visiting Doctors. He may be served with process at 5050 Quorum Drive, Suite 700, Dallas, Texas 75254.

15. Defendant Texas Visiting Doctors Management, LLC is a domestic limited liability company with its principal office in the Northern District of Texas. It provides products and services in the healthcare industry in various locations in Texas, including locations outside the Northern District of Texas. Texas Visiting Doctors' registered agent for service of process is Edgar Santiago, 5050 Quorum Drive, Suite 700, Dallas, Texas 75254

16. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. Since at least 2010, Defendants have done business in the State of Texas, and they continue to do business in the State of Texas.

17. The Court has subject matter jurisdiction over this case based on federal question jurisdiction because Plaintiff bases her claim and the claims on behalf of the putative collective action members on federal law, 29 U.S.C. § 201, *et seq*.

**FACTUAL BACKGROUND**

18. Plaintiff and the putative collective action members worked for Defendants as patient processing employees since the formation of Texas Visiting Doctors in approximately 2010.

19. Plaintiff and the putative collective action members' were patient processing employees whose primary duties were to coordinate data for patients, customers and vendors of Texas Visiting Doctors. Job requirements included scheduling diagnostic tests, scanning

medical records, screening and directing incoming calls, pre-authorizing prescriptions and verifying eligibility and benefit information for customers, patients and vendors of Texas Visiting Doctors.

20. Plaintiff and the putative collective action members were paid an hourly wage, and were not paid on a salary basis.

21. Plaintiff and the putative collective action members customarily and regularly worked in excess of 40 hours each workweek.

22. Plaintiff and the putative collective action members were never paid 1.5 times the hourly regular rate for hours worked over 40 in a workweek.

23. Although Plaintiff and the putative collective action members were paid an hourly wage and thus not eligible for exemption from the FLSA considering their positions, Defendants misclassified Plaintiff and the putative collective action members as exempt from the overtime requirements of the FLSA or otherwise did not pay the required overtime premium for hours worked in excess of 40 in relevant workweeks for Plaintiff and the putative collective action members.

## CONTROLLING LEGAL RULES

24. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

25. Plaintiff and the putative collective action members were not "exempt" from the overtime laws.

26. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA.

27. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ."  29 U.S.C. § 207(e).

## FLSA CLAIM FOR OVERTIME PAY

28. This action is authorized and instituted pursuant to the FLSA.  29 U.S.C. § 201, *et seq*.

29. All conditions precedent to this suit, if any, have been fulfilled.

30. At all material times, Plaintiff and the putative collective action members are/were employees under the FLSA.  29 U.S.C. § 203(e).

31. At all material times, the putative collective action members were similarly situated to the Plaintiff and to each other and are/were employees under the FLSA.  29 U.S.C. § 203(e).

32. At all material times, Defendants were and are eligible and covered employers under the FLSA.  29 U.S.C. § 203(d).

33. Plaintiff and the putative collective action members regularly worked in excess of 40 hours per seven-day workweek since the beginning of business operations by Texas Visiting Doctors in approximately 2010.

34. At all material times, Plaintiff and the putative collective action members were and are entitled to overtime compensation at one and one-half times the regular rate of pay.  29 U.S.C. § 207(a)(1).

35. The regular rate of pay must include non-discretionary bonuses for all hours worked over 40 in a seven-day workweek.  29 U.S.C. § 207(e); 29 C.F.R. § 778.210.

36. Defendants failed to pay Plaintiff and putative collective action members overtime compensation and one and one-half times their regular rate of pay for all hours worked over 40 in a seven-day workweek.

37.     Defendants' violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a).  *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).  Plaintiff and the putative collective action members specifically plead recovery for the preceding three year period.

38.     Defendants have not made a good faith effort to comply with the requirements of 29 U.S.C. § 260.  Accordingly, Plaintiff and the putative collective action members are entitled to liquidated damages.

39.     Where, as here, "the employers" actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis."  *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case).

40.     Accordingly, Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of "all current and former patient processing employees who are/were employed by Defendants and who were not paid overtime compensation for hours worked over 40 in any workweek during the three-year period preceding the filing of this complaint."

41.     Plaintiff hereby consents to sue for violations of the FLSA, pursuant to 29 U.S.C. §§ 207, 216(b) and 256.

## JURY DEMAND

42.     Plaintiff demands a jury trial.

## DAMAGES AND PRAYER

43.     Plaintiff asks that the Court issue a summons for Defendants to appear and answer, and that Plaintiff and those persons similarly situated to Plaintiff be awarded a judgment against Defendants for the following:

    a.     Actual damages in the amount of unpaid overtime wages;

    b.      Liquidated damages under the FLSA;

    c.      Pre-judgment and post-judgment interest;

    d.      Court costs;

    e.      Reasonable attorney's fees; and

    f.      All other relief to which Plaintiff and those similarly situated to Plaintiff are entitled.

Respectfully submitted,

By:   s/ Allen Vaught
Allen R. Vaught
Baron & Budd, P.C.
State Bar No. 24004966
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFF