IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANGELA INGRAM, on behalf of herself and all others similarly situated, § § § Plaintiff, § § V. § LEEROY MCCURLEY, MANUEL § FETALSANA, RHODA SALVADOR, § EDGAR SANTIAGO, TEXAS VISITING § DOCTORS MANAGEMENT, LLC, AND § INDELIBLE HEALTH & WELLNESS, LLC § Defendants. | CIVIL ACTION NO. 3:11-cv-02694-M |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Angela Ingram ("Plaintiff"), on behalf of herself and all others similarly situated, files this First Amended Complaint in accordance with Federal Rule of Civil Procedure 15(a)(1)(B) against LeeRoy McCurley ("McCurley"), Manuel Fetalsana ("Fetalsana"), Rhoda Salvador ("Salvador"), Edgar Santiago ("Santiago") and Texas Visiting Doctors Management, LLC, ("Texas Visiting Doctors") (collectively "Defendants") showing in support as follows:

## INTRODUCTION AND SUMMARY

1. This is a lawsuit to recover unpaid overtime wages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., on behalf of Plaintiff and other patient processing personnel employed by Defendants.

2. The Plaintiff was employed as patient processing employee for Defendants from approximately August 26, 2010 to March 14, 2011. The name of the corporate entity that employed Plaintiff was Texas Visiting Doctors. Texas Visiting Doctors is a privately held Texas limited liability company. Texas Visiting Doctors has five corporate owners and members according to data maintained by the Texas Secretary of State. Four of those corporate owners,

officers, managers and members meet the FLSA definition of employer/joint employer (McCurley, Fetalsana, Salvador and Santiago).

3. Plaintiff was paid an hourly wage, but despite regularly working more than 40 hours per workweek, Plaintiff was never paid overtime wages as required by the FLSA. Defendant Texas Visiting Doctors admits in its Answer that Plaintiff was not exempt from the overtime pay requirements of the FLSA. In any event, Plaintiff and the putative collective action members were not exempt from the overtime pay requirements of the FLSA.

4. Since the formation of Texas Visiting Doctors in 2010, Defendants employed and continue to employ several employees that are similarly situated to Plaintiff with respect to hours worked, exemption status, compensation method and job duties. Like Plaintiff, the members of the putative class were not paid overtime compensation for all hours worked over 40 in relevant workweeks.

5. Plaintiff and similarly situated patient processing personnel worked on the production side of the business with the primary duty of scheduling diagnostic tests, organizing, scanning and maintaining medical records, screening and directing incoming communications, pre-authorizing prescriptions and verifying eligibility and benefit information for customers, patients and vendors of Texas Visiting Doctors. Plaintiff and similarly situated employees engaged in interstate commerce in the performance of their primary duties.

6. Plaintiff and similarly situated employees worked a schedule that regularly involved working more than 40 hours per week. Plaintiff and similarly situated employees were paid by the hour. Plaintiff and similarly situated employees were not exempt from the FLSA overtime wage laws. Plaintiff and similarly situated employees were not paid overtime compensation for overtime hours worked. The terms and conditions of employment for Plaintiff

and similarly situated employees were subject to the operational control of the individual natural persons named as Defendants in this lawsuit and those individually named Defendants controlled and/or were responsible for the business decisions that resulted in the violation of the FLSA rights of Plaintiff and similarly situated employees.

7. Defendants failed to comply with the FLSA because, despite paying employees such as Plaintiff an hourly wage, they did not pay Plaintiff and similarly situated employees overtime wages for each hour worked over 40 for each and every workweek.

8. Accordingly, Defendants did not pay Plaintiff and the putative collective action members one and one half times the regular rate of pay for hours worked over 40 in a workweek.

## THE PARTIES, JURISDICTION AND VENUE

9. Plaintiff Ingram is a former employee of Defendants and is a natural person who resides within the Northern District of Texas. She has standing to file this lawsuit. She worked for Defendants at a location within the Northern District of Texas from approximately August 2010 to March 2011.

10. The putative collective action members are current and former patient processing personnel with the job duties described in Paragraphs 4 through 6 above who are/were employed by Defendants since the formation of Texas Visiting Doctors in 2010. Like the named Plaintiff, these persons were/are engaged in interstate commerce in performing their duties for Defendants. All of the putative collective action members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

11. Defendant LeeRoy McCurley is a natural person and, according to public information filed with the Texas Secretary of State, is a corporate officer and owner of Texas Visiting Doctors with the title of "manager." Texas Visiting Doctor's Website identifies

McCurley as a part of the "core staff" of the business. Texas Visiting Doctors' internal documents identify McCurley as a member of the three person "executive team" and as the "medical director" for Texas Visiting Doctors. The other two members of the "executive team" are co-defendants Edgar Santiago and Rhoda Salvador, who as set forth below, are officers and managers and have primary job duties that include human resources and payroll. The executive team has operational control over compliance with the FLSA for its employees. The responsibilities of the executive team include hiring, firing, scheduling, job duties, compensation, finances and compliance with the overtime pay requirements of the FLSA for Plaintiff and similarly situated employees. As a corporate officer, owner, manager and self-described "executive team member" for Texas Visiting Doctors, McCurley has operational control over employment related decisions including compliance with the overtime wage provisions of the FLSA. McCurley has economic control over the ultimate decisions made by Texas Visiting Doctors, and individuals acting on behalf of Texas Visiting Doctors, as related to compliance with the FLSA. McCurley was regularly present in the offices of Texas Visiting Doctors where he exercised his duties as an owner, officer, manager, executive team member and medical director. As such, McCurley, in addition to his duties as a member of the "executive team," knew or should have known that: Plaintiff and similarly situated employees were working more than 40 hours per workweek; that Plaintiff and similarly situated employees, as hourly and otherwise non-exempt employees, were entitled to overtime compensation for all hours worked over 40 in a workweek; and that Plaintiff and similarly situated employees were not being paid overtime premiums for their overtime hours. Despite having the clear and undisputable authority and operational control as an officer, owner, manager, medical director and member of the three person "executive team" to ensure compliance with the FLSA, McCurley failed to take sufficient

action to ensure compliance. McCurley meets the definition of "employer" under the FLSA. Alternatively, McCurley meets the definition of "joint employer" under the FLSA. Alternatively, as explained in paragraph 16 below, should this Court find that Texas Visiting Doctors Management, LLC was not an employer of Plaintiff and similarly situated employees, then the Plaintiff alleges, on behalf of herself and all similarly situated employees, that McCurley has individual responsibility for the FLSA wages and damages claimed in this lawsuit. McCurley was served with process in this case on October 18, 2011.

12.     Defendant Manuel Fetalsana is a natural person and, according to public information filed with the Texas Secretary of State, is a corporate officer and owner of Texas Visiting Doctors with the title of "manager." Texas Visiting Doctors' internal documents identify Fetalsana as a member of the six person "management team" with the duty of "payroll." Fetalsana's duties include general office management business operations including payroll. Fetalsana had operational control over Texas Visiting Doctors' employee compensation issues, including compliance with the FLSA. Fetalsana was regularly present in the offices of Texas Visiting Doctors where he exercised his duties as an owner, officer, manager and "payroll" management team member. As such, Fetalsana knew or should have known that: Plaintiff and similarly situated employees were working more than 40 hours per workweek; that Plaintiff and similarly situated employees, as hourly and otherwise non-exempt employees, were entitled to overtime compensation for all hours worked over 40 in a workweek; and that Plaintiff and similarly situated employees were not being paid overtime premiums for their overtime hours. Despite having the clear and undisputable authority and operational control as an "officer," "owner," "manager," and as the "payroll" member of the "management team" to address employee compensation, job duties, scheduling and to ensure compliance with the FLSA,

Fetalsana failed to ensure compliance. Fetalsana meets the definition of "employer" under the FLSA. Alternatively, Fetalsana meets the definition of "joint employer" under the FLSA. Alternatively, as explained in paragraph 16 below, should this Court find that Texas Visiting Doctors Management, LLC was not an employer of Plaintiff and similarly situated employees, then the Plaintiff alleges, on behalf of herself and all similarly situated employees, that Fetalsana has individual responsibility for the FLSA wages and damages claimed in this lawsuit. Opposing counsel has agreed to accept service of process for Fetalsana.

       13.     Defendant Rhoda Salvador is a natural person and, according to public information filed with the Texas Secretary of State, is a corporate officer and owner of Texas Visiting Doctors with the title of "manager." Texas Visiting Doctors' internal documents identify Salvador as a member of the three person "executive team" and as the "finance director" for Texas Visiting Doctors. The other two members of the "executive team" are co-defendants McCurley and Santiago. Salvador's duties include human resources and payroll and Salvador has economic control over the ultimate decisions made by Texas Visiting Doctors, and individuals acting on behalf of Texas Visiting Doctors, when it comes to compliance with the FLSA. The responsibilities of the executive team include hiring, firing, scheduling, job duties, compensation, finances and compliance with the overtime pay requirements of the FLSA for Plaintiff and similarly situated employees. Salvador has operational control over employee related issues including compensation and compliance with the overtime wage provisions of the FLSA. Salvador was regularly present in the offices of Texas Visiting Doctors where she exercised her duties as an owner, officer, manager, executive team member and finance director. As such, Salvador, in addition to her duties as a member of the "executive team," knew or should have known that: Plaintiff and similarly situated employees were working more than 40 hours

per workweek; that Plaintiff and similarly situated employees, as hourly and otherwise non-exempt employees, were entitled to overtime compensation for all hours worked over 40 in a workweek; and that Plaintiff and similarly situated employees were not being paid overtime premiums for their overtime hours.  Despite having the clear and undisputable authority and operational control as an "officer," "owner," "manager," "finance director" and member of the three person "executive team" to address employee compensation, job duties, hours worked and ensure compliance with the FLSA, Salvador failed ensure compliance.  Salvador meets the definition of "employer" under the FLSA.  Alternatively, as explained in paragraph 16 below, should this Court find that Texas Visiting Doctors Management, LLC was not an employer of Plaintiff and similarly situated employees, then the Plaintiff alleges, on behalf of herself and all similarly situated employees, that Salvador has individual responsibility for the FLSA wages and damages claimed in this lawsuit.  Opposing counsel has agreed to accept service of process for Salvador.

14.     Defendant Edgar Santiago is a natural person and, according to public information filed with the Texas Secretary of State, is a corporate officer and owner of Texas Visiting Doctors with the title of "manager."  The Texas Visiting Doctors' Website lists Santiago as a member of the "core staff" of the business.  Texas Visiting Doctors' internal documents identify Santiago as a member of the three person "executive team" and as the "managing director" for Texas Visiting Doctors.  The other two members of the "executive team" are co-defendants McCurley and Salvador.  Santiago's duties include human resources and payroll/compensation for all employees, and Santiago has economic control over the ultimate decisions made by Texas Visiting Doctors, and individuals acting on behalf of Texas Visiting Doctors, when it comes to compliance with the FLSA.  The executive team has operational control over compliance with

the FLSA for Texas Visiting Doctors' employees. The responsibilities of the executive team include hiring, firing, employee scheduling, job duties, compensation, finances and compliance with the overtime pay requirements of the FLSA for Plaintiff and similarly situated employees. Santiago has operational control over employee related issues including compensation and compliance with the overtime wage provisions of the FLSA. Santiago was regularly present in the offices of Texas Visiting Doctors where he exercised his duties as an owner, officer, manager, executive team member and managing director. As such, Santiago, in addition to his duties as a member of the "executive team," knew or should have known that: Plaintiff and similarly situated employees were working more than 40 hours per workweek; that Plaintiff and similarly situated employees, as hourly and otherwise non-exempt employees, were entitled to overtime compensation for all hours worked over 40 in a workweek; and that Plaintiff and similarly situated employees were not being paid overtime premiums for their overtime hours. Despite having the clear and undisputable authority and operational control as an "officer," "owner," "manager," "managing director" and member of the three person "executive team" to address employee compensation, job duties, hours worked and ensure compliance with the FLSA, Santiago failed to ensure compliance. Santiago meets the definition of "employer" under the FLSA. Alternatively, Santiago meets the definition of "joint employer" under the FLSA. Alternatively, as explained in paragraph 16 below, should this Court find that Texas Visiting Doctors Management, LLC was not an employer of Plaintiff and similarly situated employees, then the Plaintiff alleges, on behalf of herself and all similarly situated employees, that Santiago has individual responsibility for the FLSA wages and damages claimed in this lawsuit. Santiago was served with process in this case on November 3, 2011.

15.     Defendant Texas Visiting Doctors Management, LLC is a domestic limited liability company with its principal office in the Northern District of Texas. It is a privately held business entity with five corporate owners/members. All of its corporate owners/members are directly and regularly involved in the daily business operations of Texas Visiting Doctors. Four of the five corporate owners/members of Texas Visiting Doctors are named above as individual employer Defendants in this lawsuit – McCurley, Fetalsana, Salvador and Santiago. Texas Visiting Doctors began its business operations in Dallas County, Texas in approximately August 2010 and Texas Visiting Doctors' principle office is located in the Northern District of Texas. On February 4, 2011, Texas Visiting Doctors opened a second office location in Houston, Texas. Texas Visiting Doctors provides products and services in the healthcare industry to customers primarily in the Dallas and Houston regions of Texas. Plaintiff believes that, at all times relevant to this lawsuit, Texas Visiting Doctors was the actual corporate/business entity that employed her. This belief is supported by the fact that the name of the office where she worked was "Texas Visiting Doctors," she was required to identify herself to customers as an employee of "Texas Visiting Doctors" and the paychecks issued to her appeared to be drawn on the account of "Texas Visiting Doctors." Texas Visiting doctors is an "employer" under the FLSA. Alternatively, Texas Visiting Doctors is a "joint employer" under the FLSA. Texas Visiting Doctors' was served with process and filed an Answer in this lawsuit on December 5, 2011.

16.     Defendant Indelible Health & Wellness, LLC ("Indelible Health & Wellness") was not named in Plaintiff's Original Complaint, but rather filed an Answer to Plaintiff's Original Complaint in addition to Texas Visiting Doctors Management, LLC on December 5, 2011. In that answer, Indelible Health & Wellness inaccurately represents to this Court that it was the actual employer of Plaintiff and the putative class. According to public records with the

Texas Secretary of State, there was no legally recognized entity doing business as Indelible Health & Wellness, LLC during the time of Plaintiff's employment made the subject matter of this lawsuit. While an entity named Indelible Health & Wellness did exist prior to Plaintiff's employment, the Texas Secretary of State revoked Indelible Health & Wellness' charter and authority to conduct business in the State of Texas on May 21, 2010 for failure to pay the Texas franchise tax and file the required annual report. Almost one year later, and after the end of Plaintiff's employment made the subject matter of this lawsuit, Indelible Health & Wellness' charter was reinstated on March 15, 2011 by the actions of Edgardo Santiago. At no time during Plaintiff's employment made the subject matter of this lawsuit was Indelible Health & Wellness a legally recognized entity authorized to conduct business in the State of Texas. Plaintiff's employment made the subject matter of this lawsuit began on approximately August 16, 2010 and ended on approximately March 14, 2011. Plaintiff does not believe Indelible Health & Wellness was her employer as asserted by Indelible Health & Wellness, but rather that Defendants improperly seek to shift their obvious liability to Indelible Health & Wellness because that entity appears to be a "shell entity" that lacks the ability to satisfy any judgment in this lawsuit. If Texas Visiting Doctors' allegation that it was not the actual corporate employer of Plaintiff and the putative class is for some reason sustained by this Court, then that would mean that there was no corporate entity employer of Plaintiff and the putative class. In that event, since Indelible Health & Wellness was not a legally recognized entity at times relevant to this lawsuit, then the individual business managers named above (McCurley, Fetalsana, Salvador and Santiago) would be the only FLSA employers of Plaintiff and the putative class, or alternatively would be individually liable for the wage related obligations of the business

operation where Plaintiff and similarly situated employees worked since there would be no corporate shield that the individually named Defendants could claim in such situation.

17. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. Since at least 2010, Defendants, with the exception of Indelible Health & Wellness, have done business in the State of Texas, and they continue to do business in the State of Texas.

18. The Court has subject matter jurisdiction over this case based on federal question jurisdiction because Plaintiff bases her claim and the claims on behalf of the putative collective action members on federal law, 29 U.S.C. § 201, *et seq*.

## FACTUAL BACKGROUND

19. Plaintiff and the putative collective action members worked for Defendants as patient processing employees since Texas Visiting Doctors began business operations in approximately August 2010.

20. Plaintiff and the putative collective action members' were patient processing employees whose primary duties were to coordinate data for patients, customers and vendors of Texas Visiting Doctors. Job requirements included scheduling diagnostic tests, organizing, scanning and maintaining medical records, screening and directing incoming communications, pre-authorizing prescriptions and verifying eligibility and benefit information for customers, patients and vendors of Texas Visiting Doctors.

21. Plaintiff and the putative collective action members were paid an hourly wage, and were not paid on a salary basis.

22. Plaintiff and the putative collective action members customarily and regularly worked in excess of 40 hours each workweek.

23.     Plaintiff and the putative collective action members were never paid 1.5 times the hourly regular rate for hours worked over 40 in a workweek.

24.     Although Plaintiff and the putative collective action members were paid an hourly wage and thus not eligible for exemption from the FLSA considering their positions, Defendants did not pay the required overtime premium for hours worked in excess of 40 in each and every relevant workweek.

## CONTROLLING LEGAL RULES

25.     The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

26.     Plaintiff and the putative collective action members were not "exempt" from the overtime laws.

27.     Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA.

28.     The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

29.     Individual officers and managers of a business entity can be considered employers under the FLSA in addition to the corporate entity. *See Donovan v. Grim Hotel Co.,* 747 F.2d 966, 972 (5th Cir.1984) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages"); *Grim Hotel Co.,* 747 at 971 (quoting *Falk v. Brennan,* 414 U.S. 190, 195, 94 S. Ct. 427, 38 L. Ed. 2d 406 (1973)) ("The definition of "employer" under the FLSA is "expansive," extending liability for persons

with "managerial responsibilities" and "substantial control of the terms and conditions of the [employee's] work.").

## FLSA CLAIM FOR OVERTIME PAY

30. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. § 201, *et seq*.

31. All conditions precedent to this suit, if any, have been fulfilled.

32. At all material times, Plaintiff and the putative collective action members are/were employees under the FLSA. 29 U.S.C. § 203(e).

33. At all material times, the putative collective action members were similarly situated to the Plaintiff and to each other and are/were employees under the FLSA. 29 U.S.C. § 203(e).

34. At all material times, Defendants were and are eligible and covered employers under the FLSA. 29 U.S.C. § 203(d).

35. Plaintiff and the putative collective action members regularly worked in excess of 40 hours per seven-day workweek since the beginning of business operations by Texas Visiting Doctors in 2010.

36. At all material times, Plaintiff and the putative collective action members were and are entitled to overtime compensation at one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1).

37. The regular rate of pay must include non-discretionary bonuses for all hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(e); 29 C.F.R. § 778.210.

38. Defendants failed to pay Plaintiff and putative collective action members overtime compensation for all hours worked over 40 in a seven-day workweek.

39. Defendants' violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).

40. Defendants have not made a good faith effort to comply with the requirements of 29 U.S.C. § 260. Accordingly, Plaintiff and the putative collective action members are entitled to liquidated damages.

41. Where, as here, "the employers" actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case).

42. Accordingly, Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of "all current and former patient processing employees who are/were employed by Defendants and who were not paid overtime compensation for hours worked over 40 in any workweek during the three-year period preceding the filing of this complaint."

43. Plaintiff hereby consents to sue for violations of the FLSA, pursuant to 29 U.S.C. §§ 207, 216(b) and 256.

## JURY DEMAND

44. Plaintiff demands a jury trial.

## DAMAGES AND PRAYER

45. Plaintiff asks that the Court issue a summons for Defendants to appear and answer, and that Plaintiff and those persons similarly situated to Plaintiff be awarded a judgment against Defendants for the following:

  a. Actual damages in the amount of unpaid overtime wages;

  b. Liquidated damages under the FLSA;

  c. Pre-judgment and post-judgment interest;

  d. Court costs;

  e. Reasonable attorney's fees; and

  f. All other relief to which Plaintiff and those similarly situated to Plaintiff are entitled.

        Respectfully submitted,

      By: s/ Allen Vaught
        Allen R. Vaught
        Baron & Budd, P.C.
        State Bar No. 24004966
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas 75219
        (214) 521-3605 – Telephone
        (214) 520-1181 – Facsimile
        avaught@baronbudd.com

        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the counsel of record listed below by the Northern District of Texas CM/ECF method on the 16th day of December 2011.

  Mr. Brian P. Sanford
  Sanford Bethune
  3610 Shire Blvd. Suite 206
  Richardson, Texas 75082.

        s/ Allen Vaught